UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. CULLINS, JR., | ) | CASE NO. 4:25-CV-995 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| WARREN CITY POLICE | ) | **ORDER** |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.    INTRODUCTION**

*Pro se* Plaintiff Charles E. Cullins, Jr. filed a civil complaint in this case against the Warren City Police Department and Detective Altiere. (ECF No. 1). In his statement of claim, he alleges he was denied due process in violation of his civil rights under the Fourteenth Amendment because "no investigation" was pursued after he filed a complaint of theft on August 5, 2019. (*Id*. at PageID #4–5.) His complaint does not state any specific request for relief. (*Id*. at PageID #5).

Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 2). That motion is **GRANTED**, and for the following reasons, his complaint is **DISMISSED**.

**II.    STANDARD OF REVIEW AND DISCUSSION**

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face. *Id*. at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Further, although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Upon review, the Court finds that Plaintiff's complaint must be dismissed in accordance with § 1915(e)(2)(B). "[T]here is no constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime." *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002) (internal quotation marks and citation omitted). As the court in *White* reasoned, "[s]uch discretionary public duties ... are enforced by public opinion, policy, and the ballot, not litigation against individual officers and their civic employers." *Id*. (citing *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997) ("[N]o federal appellate court, including the Supreme Court ... has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence.") and *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").

2

Plaintiff's complaint alleges a due process claim on the basis that a criminal complaint he filed was not investigated. This fails to state a plausible claim upon which he may be granted any form of relief.[1]

### III. CONCLUSION

For these reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and his complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 14, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[1] Further, city police departments are not *sui juris*; meaning that the City of Warren Police Department is not a defendant subject to suit in court in any case. *See Richardson v. Grady*, Nos. 77381, 77403, 2000 WL 1847588, at *2 (Ohio 8th Dist. Ct. App. 2000) (holding that the City of Cleveland Police Department is not a legal entity capable of being sued).